


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| Cheryl Laxton<br>13530 Old Telegraph Road<br>Providence Forge, Virginia 23140,<br><br>Plaintiff,<br>v.<br><br>American Airlines Group Inc.<br>AKA/DBA American Airlines<br>4333 Amon Cater Boulevard<br>Fort Worth, Texas 76155,<br><br>-And-<br><br>American Eagle Airlines<br>AKA/DBA American Eagle<br>4333 Amon Carter Boulevard<br>Fort Worth, Texas 76155,<br><br>-And-<br><br>Piedmont Airlines, Inc.<br>AKA/DBA Piedmont Airlines<br>5443 Airport Terminal Road<br>Salisbury, Maryland 21904,<br><br>Defendants. | **18   1403**<br>CIVIL ACTION<br><br>NO: 18-cv-1403 |

### PLAINTIFF'S CIVIL ACTION COMPLAINT

AND NOW, comes the Plaintiff, Cheryl Laxton, by and through her attorneys, Freundlich & Littman, LLC, and files the following Civil Action Complaint against Defendants American Airlines Group Inc. AKA/DBA American Airlines, American Eagle Airlines AKA/DBA American Eagle, and Piedmont Airlines, Inc. AKA/DBA Piedmont Airlines, and in support thereof, avers as follows:

1

## PARTIES

1. Plaintiff, Cheryl Laxton (hereinafter "Plaintiff") is an adult individual and citizen of the Commonwealth of Virginia residing at 13530 Old Telepgraph Road, Providence Gorge, Virginia 23140.

2. Defendant American Airlines Group Inc. AKA/DBA American Airlines is, based on information and belief, a for-profit corporate entity, with a place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

3. Defendant American Eagle Airlines AKA/DBA American Eagle is, based on information and belief, a for-profit corporate entity, with a place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

4. Defendant Piedmont Airlines, Inc. AKA/DBA Piedmont Airlines is, based on information and belief, a for-profit corporate entity, with a place of business located at 5443 Airport Terminal Road, Salisbury, Maryland 21804.

5. Defendants American Airlines Group Inc. AKA/DBA American Airlines, American Eagle Airlines AKA/DBA American Eagle, and Piedmont Airlines, Inc. AKA/DBA Piedmont Airlines are hereinafter referred to collectively as "Defendants" unless specifically referred to otherwise individually.

6. Defendants own, operate, and manage commercial airliners open to the general public throughout the United States and the entire world.

7. At all times relevant hereto, the Defendants operated through their agents, managers, supervisors, servants, workmen and/or employees who were acting within the course and scope of their agency relationship and/or employment.

## JURISDICTION AND VENUE

8. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

9. The Court has jurisdiction over this litigation under 28 U.S.C.A. § 1332(a) based upon the complete diversity of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

10. The Court has jurisdiction over this litigation under 28 U.S.C.A. § 1331 as this civil action concerns, in part, the laws of the United States, specifically the Federal Aviation Act.

11. This Court has personal jurisdiction over Defendants as Defendants conduct systematic and continuous business within the Commonwealth of Pennsylvania.

12. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or that the parties contractually agreed to the selection of this judicial district as the appropriate venue for this within civil action.

## FACTS

13. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

14. Plaintiff was a business invitee as she was a person who was invited to enter or remain on the property of the Defendants, for the purpose directly or indirectly connected with business dealings with Defendants. Gutteridge v. A.P. Green Servs., Inc., 2002 PA Super 198, 804 A.2d 643, 656 (Pa. Super. Ct. 2002).

15. As a business invitee, Plaintiff was owed the highest degree of care by Defendants. Gutteridge v. A.P. Green Servs., Inc., 2002 PA Super 198, 804 A.2d 643, 656 (Pa. Super. Ct. 2002).

16. Defendants were common carriers and owed Plaintiff a higher duty of care at all times material to the events described below.

17. It is also well-settled in Pennsylvania that the duty of care owed to a business invitee or business visitor is the highest duty owed to any entrant upon land; the landowner must protect the invitee not only against known dangers, but also against those which might be discovered with reasonable care. Id.

18. On or about April 29, 2016, Plaintiff boarded a plane in Richmond, Virginia with the destination being Philadelphia, Pennsylvania, flight number American Airlines 4801. (A true and correct copy of Plaintiff's Receipt for American Airlines Flight Number 4801 from Richmond, Virginia to Philadelphia, Pennsylvania is attached hereto as **Exhibit "A"**).

19. The flight departed Richmond, Virginia at approximately 7:20 a.m. on April 29, 2016. (See **Exhibit "A"**).

20. Shortly before the flight was to land in Philadelphia, smoke began filling the cabin of the airplane.

21. The smoke appeared to be coming from the cockpit of the airplane.

22. Passengers inside the airplane became panicked and frightened.

23. Defendants' employees informed Plaintiff and other passengers inside the airplane that the airplane would be making an emergency landing at Philadelphia International Airport.

4

24. Defendants' employees instructed Plaintiff and other passengers inside the airplane on the safety protocols, including how to evacuate the airplane once the airplane completed the emergency landing.

25. Among the various instructions, Defendants' employees informed Plaintiff and the other passengers inside the airplane that a "safety slide" would automatically inflate once the cabin door was opened after the airplane had completed the emergency landing.

26. The airplane landed at Philadelphia International Airport at approximately 8:15 a.m.

27. The airplane was unable and/or Defendants were unwilling to taxi the airplane to a gate for passengers to disembark the airplane.

28. Plaintiff was instructed to come to the door and disembark the airplane on the runway.

29. Upon opening the door, the inflatable slide did not inflate.

30. Defendants instructed Plaintiff that she was to jump off the plane.

31. Plaintiff listened to Defendants' instruction and jumped off the plane from a height of approximately 7 feet.

32. Upon landing on the ground, Plaintiff felt immediate pain in her knees, hips, back, and neck.

33. Plaintiff reported being injured to Defendants as well as the personnel at Philadelphia International Airport.

34. Following the emergency landing, Plaintiff presented to various medical professionals where she was diagnosed with having suffered severe and

permanent injuries to her knees, hips, and back, including, but not limited to, disc herniations and a torn meniscus.

35. All of Plaintiff's injuries were caused by the April 29, 2016 emergency landing and subsequent jump required by Defendants as described above.

36. Solely as a result of the Defendants' negligence, Plaintiff endured and is enduring continued pain, suffering and mental anguish some or all of which may persist for an indefinite time into the future or be permanent in nature.

37. As a further result of Defendants' negligence, Plaintiff has been unable to perform her usual daily duties, occupations and avocations.

38. As a further result of Defendants' negligence, Plaintiff has spent a substantial amount of time receiving and undergoing medical treatment and care in an attempt to reduce and alleviate her pain and suffering.

39. As a further result of Defendants' negligence, Plaintiff has incurred various and substantial expenses which were reasonable and necessary for her treatment and care and will be required to incur such expenses in the future.

40. As a further result of Defendants' negligence, Plaintiff has in the past suffered, and may in the future continue to suffer, the loss of enjoyment of life and life's pleasures, all to her great detriment and loss.

41. As a further result of Defendants' negligence, Plaintiff has in the past suffered and may in the future continue to suffer embarrassment, humiliation and physical deformity, as aforesaid, all to her great detriment and loss.

42. As a further result of Defendants negligence, Plaintiff has sustained and makes claims for pain and suffering, loss of physical function, humiliation,

embarrassment, loss of income, loss of earning potential, loss of life's pleasures and any and all other damages to which she is or may be entitled under the laws of the Commonwealth of Pennsylvania.

### COUNT ONE: NEGLIGENCE
### PLAINTIFF V. ALL DEFENDANTS

43. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

44. The aforesaid incident was solely and proximately caused by the negligence of the Defendants, their owners, agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to, the following:

    a. Failing to maintain Defendants' airplane in a safe condition;

    b. Failing to correct the dangerous, defective, and hazardous condition that Defendants allowed to exist on and/or within the Defendants' airplane, which Defendants were aware or should have been aware of through reasonable inspection and prudent care;

    c. Creating a dangerous, defective, and hazardous condition through improper construction, maintenance, and inspection of Defendants' airplane;

    d. Failing to properly inspect and remedy the unsafe condition upon the Defendants' airplane with notice, actual or constructive, of its dangerous, defective, and hazardous condition;

    e. Disregarding the rights and safety of those persons lawfully on the Defendants' airplane;

7

f. Permitting Defendants' airplane to remain in a dangerous state of disrepair and neglect to the prejudice of Plaintiff;

g. Failing to properly train employees to recognize dangerous and defective conditions about instructing Plaintiff to jump off the airplane;

h. Negligently selecting its employees, workmen and/or supervisors;

i. Hiring and employing negligent and incompetent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

j. Permitting and allowing, by and through its agents, servants, workmen, employees and/or supervisors, dangerous, defective, and hazardous conditions to exist when Defendants knew or should have known that such negligence and carelessness of its workmen, employees and/or supervisors would create a severe risk of physical harm to those persons lawfully on Defendants' airplane;

k. Failing to set forth adequate, proper and reasonable safety standards;

l. Failing to properly supervise and inspect the Defendants' airplane at all times to ensure safety to all persons therein;

m. Failing to conduct usual, regular and normal inspections of Defendants' airplane to assure that said premises was kept in a safe and hazard-free condition for those lawfully thereon;

n. Failing to keep adequate and proper records of inspections and maintenance of Defendants' airplane;

8

    o. Failing to adhere to their own policies and procedures concerning cleaning, inspection, and maintenance;

    p. Failing to adhere to the applicable aviation codes and standards concerning maintenance and inspection of airplanes;

    q. Failing to inspect and maintain the deployable slide before instructing passengers to jump from the airplane;

    r. Creating and implementing improper, careless, and reckless disembarkation policies and procedures;

    s. Failing to properly deploy the side before instructing passengers to jump from the airplane; and

    t. Being otherwise negligent and careless.

45. At all times relevant hereto, Defendants' owned, operated, managed controlled and/or maintained the Defendants' airplane and had a duty to inspect and to maintain the Defendants' airplane in a safe, operable, and code-compliant manner for the safety of all business invitees, such as Plaintiff.

46. As stated above, Plaintiff was a business invitee of Defendants and therefore, Defendants owed Plaintiff the highest degree of care.

47. As laid out above, Defendants breached their duty to Plaintiff.

48. The severe and permanent injuries Plaintiff sustained were a foreseeable consequence of Defendants' negligence and carelessness.

49. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries she has suffered; and she may be obliged to

9

continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

50. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of his industry, and has suffered a loss, and which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

51. All of Plaintiff's losses and damages were, are, and will be due solely to and by reason of the carelessness and negligence of Defendants, without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff Cheryl Laxton demands judgment in her favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, delay damages, interest, and other damages the court should deem appropriate.

## COUNT TWO: VIOLATION OF THE FEDERAL AVIATION ACT (FAA) PLAINTIFF V. ALL DEFENDANTS

52. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

53. As stated above, on or about April 29, 2016, Plaintiff was a passenger on Defendants' commercial airplane when smoke began emanating from the cockpit filling the main cabin of the plane.

54. As a passenger on Defendants' commercial airplane, Defendants owed Plaintiff numerous duties, including, but not limited to, those established by the Federal

10

Aviation Act ("FAA"), which includes the duty to operate Defendants' commercial airplane with due care as to not endanger the life and property of the Plaintiff.

55. As a result of the aforesaid incident, Defendants' commercial airplane was forced to make an emergency landing in Philadelphia, Pennsylvania.

56. As discussed above, Plaintiff became injured as a result of Defendants' operation of Defendants' commercial airplane, Defendants' negligence in the disembarkation of Defendants' commercial airplane, and inspection and maintenance of Defendants' commercial airplane.

57. Specifically, Defendants' violated 14 C.F.R. 91.13(a) in that Defendants' reckless operation of Defendants' commercial airplane caused the airplane to become filled with smoke while in mid-air resulting in an emergency landing causing Plaintiff to suffer injuries as described above.

58. Further, Defendants are also in violation of 14 C.F.R. 91.13(b) as their careless and reckless instruction and operation of the emergency disembarkation process following the landing in Philadelphia, Pennsylvania described above caused Plaintiff to suffer serious bodily injuries.

59. Further, Defendants' instruction for Plaintiff to jump from the commercial airplane represented a gross disregard for Plaintiff's safety as Plaintiff's injuries were a foreseeable consequence of Defendants' instruction to jump out of the aircraft without first having deployed a slide, stairs, or other means of egress.

60. As a result of Defendants' conduct, Defendants breached their duties owed to Plaintiff.

61. As a direct and proximate result of Defendants' breach of their duties owed to Plaintiff, Plaintiff became inured.

62. All of Plaintiff's losses and damages were, are, and will be due solely to and by reason of the carelessness and negligence of Defendants, without any negligence or want of due care on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff Cheryl Laxton demands judgment in her favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) together with costs, delay damages, interest, and other damages the court should deem appropriate.

Respectfully Submitted,

FREUNDLICH & LITTMAN, LLC

BY: _____
Austin R. Freundlich, Esq. I.D. # 205670
Gregory C. Littman, Esq. I.D. #306806
Attorneys for Plaintiff

1425 Walnut Street Suite 200
Philadelphia, PA 19102

DATE: March 30, 2018

(T) 215-545-8500
(F) 215-545-8510

# EXHIBIT "A"

Priceline Trip Number: 109-502-054-38

## Richmond → Boston
Fri Apr 29 2016

| Passengers: | **Cheryl Laxton** | Ticket Number: 0017819040504 |

**Fri Apr 29**    Richmond → Boston

RIC → PHL    7:20 AM – 8:23 AM
American Airlines Flight 4801
Operated by Piedmont Airlines for American Eagle
1h 3m, 199 miles

Depart: Richmond Intl Airport (RIC), Richmond, VA
Arrive: Philadelphia Intl Airport (PHL), Philadelphia, PA

Economy Class - Embraer RJ145 Amazon

1h 12m layover in Philadelphia

PHL → BOS    9:35 AM – 10:57 AM
American Airlines Flight 1657
1h 22m, 279 miles

Depart: Philadelphia Intl Airport (PHL), Philadelphia, PA
Arrive: Gen Edward Logan Intl Airport (BOS), Boston, MA

Economy Class - Embraer 190

### Important Information

Airline schedules can change. Please visit your airline's website to reconfirm your flight information and check-in location prior to each departure.

Once confirmed, airline change penalties and restrictions apply. Most tickets are non-refundable. See your airline's full fare rules here.

Airline tickets are non-transferrable. Name changes or adjustments are not allowed once purchased.

Airfares and flight availability are not guaranteed until purchased.

You will be issued electronic tickets. Remember to bring a valid government-issued photo ID with you to check-in.

Notice of Incorporated Terms

### Summary of charges
Total price: $178.60

| Purchase date: | Apr 27, 2016 |
| Payment method: | Visa (4252) |
| Billing name: | Cheryl Laxton |

| Ticket cost: | $138.00 |
| Taxes & fees: | $22.60 |
| Trip protection: | $18.00 |
| Tickets: | 1 |

| Total price: | $178.60 |
| Bonus: | No Priceline Booking Fee |

Prices are in US dollars

See baggage information for additional fees that may apply.

Your Total price will be broken down into seperate charges for each product on your credit card statement.

### Airline Contact Information

**American Airlines**

1-800-433-7300
www.aa.com

Confirmation Number:
EJCASX

### Need Help?

**Give us a call**

From the United States:
1-800-340-0575

From anywhere else:
+1 212 444-0022

You will need this information:

Priceline trip number:
109-502-054-38

Phone number used:
(757) 254-4939

### Passenger & Ticket Information

 **Get Preferred Seats on American Airlines**
Preferred Seats Include: Bulkhead, Exit Rows, Select Front, Aisle & Window. View Preferred Seats »

**Cheryl Laxton**

| Flight | Seat | Ticket Number |
|---|---|---|
| Richmond → Philadelphia<br>American Airlines Flight 4801 | 2A<br>(Confirmed) | 0017819040504 |
| Philadelphia → Boston<br>American Airlines Flight 1657 | 16A<br>(Confirmed) | 0017819040504 |

| Trip Protection Information | |
|---|---|
| Insurance company: | Aon Affinity |
| Claim forms: | To request a claim form visit www.travelclaim.com |
| Phone numbers: | 1-877-892-7951 US<br>1-516-342-2720 International |
| Email address: | tripprotect@aon.com |
| Priceline Trip Number: | 109-502-054-38 |
| **Worldwide Emergency Assistance** | |
| Service provider: | On Call International |
| Phone numbers: | 1-800-618-0692 US<br>1-603-898-2679 International |
| Available services: | Pre-departure travel assistance, medical assistance and emergency services |



JS 44 (Rev. 06/17)       **CIVIL COVER SHEET**    18-CV-1403

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**18  1403**

## I. (a) PLAINTIFFS
Cheryl Laxton

**DEFENDANTS**
American Airlines Inc AhA/DBA American Airlines; American Eagle Airlines AhA American eagle; Piedmont Airlines inc AHA Piedmont Airlines

(b) County of Residence of First Listed Plaintiff: New Kent county VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fort Worth TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Austin R Freundlich
Freundlich & Littman
1425 Walnut Street Phila PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USCA § 1332(A)

Brief description of cause:
Personal injury sustained as a result of Defendants' negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

APR - 4 2018

DATE: 4/4/18

SIGNATURE OF ATTORNEY OF RECORD
Austin R Freundlich

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT

18-CV-1403

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

18    1403

Address of Plaintiff: __13530 Old Telegraph Road Providence Forge Virgina 23140__

Address of Defendant: __4333 Amon Cater Blvd Fort Worth Texas 76155; 5443 Airport Terminal Road Salisbury MD 21904__

Place of Accident, Incident or Transaction: __8000 Essington Ave, Philadelphia Pa 19153__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☒  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☒ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Austin R. Freundlich__, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __March 30, 2018__    _____ Attorney-at-Law    __205670__ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __March 30, 2018__    _____ Attorney-at-Law    __205670__ Attorney I.D.#

APR - 4 2018

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cheryl Laxton | : | CIVIL ACTION |
| v. | : | 18    1403 |
| American Airlines Group, et al. | : | NO. 18-CV-1403 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| March 30, 2018 | _Attorney-at-law_ | Cheryl Laxton |
| **Date** | | **Attorney for** |
| 215-545-8500 | 215-545-8510 | Austin@freundlichandlittman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 4 2018